IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

YANZHUO ZHANG and GUOQIANG WU,   *

    Plaintiffs,   *

vs.   *

    CASE NO. 3:16-CV-55 (CDL)

FIELDALE FARMS CORPORATION and   *
CLIFFORD JAY TUCK,

    *

    Defendants.

    *

O R D E R

The Court reserved ruling on Defendants' motion to bifurcate the trial of Plaintiffs' compensatory damages claims and their claim for attorney's fees based on Defendants' alleged stubborn litigiousness (ECF No. 85) and Defendants' related motion to exclude evidence of Defendants' liability from the compensatory damages phase if the trial is bifurcated (ECF No. 78). The parties have been unable to reach a stipulation regarding the issues presented by the motions, thus requiring the Court to decide the matter. As the Court indicated at the pretrial conference, bifurcation is warranted. Some evidence related to Plaintiffs' claim for attorney's fees is not relevant to Plaintiffs' compensatory damages claims, but some evidence regarding these distinct claims overlaps. Accordingly, the Court orders that the trial of these claims shall be bifurcated as follows.

Although Defendants have admitted liability (i.e., breach of duty and proximate cause), the parties shall be allowed to present evidence in the compensatory damages phase that would be admissible on the issues of breach of duty and causation as if Defendants had not admitted liability, as long as the evidence would be admissible on the Defendants' stubborn litigiousness or lack thereof. Evidence that is relevant solely on the issue of Defendants' stubborn litigiousness, or lack thereof, shall not be admissible during the compensatory damages phase, but shall be admissible in the second stage after the jury has returned a verdict on compensatory damages. So, the standard for admissibility in phase one will be whether the evidence is relevant to stubborn litigiousness <u>and</u> duty, breach of duty, proximate cause and damages; if the evidence is <u>only</u> relevant to stubborn litigiousness, then it shall be admitted in phase 2. The Court does not intend to rule in advance of trial on what specific items of evidence meet this standard. Counsel shall object at trial when they deem it appropriate.

To avoid confusion, the Court intends to instruct the jury at the beginning of the trial that there are two separate categories of claims and that they will be bifurcated but there will be some evidence that overlaps. That instruction will be consistent with the following: "Ladies and Gentlemen, Plaintiffs make two types of claims in this lawsuit. They seek to recover compensatory damages

2

to compensate them for the injuries they suffered as a result of Defendants' conduct that caused the wreck giving rise to this case. And they also seek to recover their costs of litigation, including attorney's fees, that they incurred as a result of having to litigate their claims. Litigation expenses, including attorney's fees, are not automatically recoverable. In order to recover those expenses, Plaintiffs must prove that Defendants were stubbornly litigious. Because some of the evidence relevant to stubborn litigiousness may not be relevant on the issue of Plaintiffs' compensatory damages, we are going to try that part of the case separately. We will try the compensatory damages phase first. And then try the stubborn litigiousness phase immediately thereafter. There may be some evidence that is relevant to both phases and thus you will be able to consider evidence introduced during the compensatory damages phase when you consider the issue of stubborn litigiousness in phase two." If the parties wish to provide a stipulated instruction instead of the one indicated above, they should do so at least five days before the start of trial.

Defendants' Motion to Bifurcate (ECF No. 85) and Defendants' Motion in Limine to Exclude Evidence as to Defendants' Liability (ECF No. 78) are granted to the extent set forth above.

3

IT IS SO ORDERED, this 18th day of October, 2018.

<pre>
                              S/Clay D. Land
                              ────────────────────────────
                              CLAY D. LAND
                              CHIEF U.S. DISTRICT COURT JUDGE
                              MIDDLE DISTRICT OF GEORGIA
</pre>